IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
———————————————————————————————————————

STEPHANIE M. BOLTON-SKOGEN,

                Plaintiff,                        OPINION AND ORDER

    and                                          19-cv-948-wmc

QUARTZ HEALTH BENEFIT PLANS
CORPORATION,

                Involuntary Plaintiff,
   v.

SHARKNINJA OPERATING LLC and
ABC INSURANCE COMPANY,

                Defendants.
———————————————————————————————————————

In this civil action, plaintiff Stephanie M. Bolton-Skogen asserts negligence, strict liability and breach of warranty claims against defendant SharkNinja Operating LLC and its unknown insurance company arising out an incident involving a SharkNinja product that occurred on November 27, 2016, resulting in personal injuries. (Compl. (dkt. #1-2).) Invoking this court's diversity jurisdiction, defendant removed this action pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1332(a)(1). (Not. of Removal (dkt. #1).) Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, defendant will be given an opportunity to file an amended notice of removal containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendant contends in its notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶ 5.) For the latter to be true, however, there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Defendant's allegations as to its own citizenship prevent this court from determining if this is so.

"[T]he citizenship of an LLC is the citizenship of each of its members," yet defendant has not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, the notice of removal lacks *any* allegations regarding the names or the citizenship of any of defendant SharkNinja Operating LLC's members. Instead, defendant alleges it is "a corporation organized and existing under the laws of the State of Delaware, with its

principal place of business located in Needham, Massachusetts." (Not. of Removal (dkt. #1) ¶ 12.) As an LLC, however, defendant is *not* a corporation. Moreover, the Seventh Circuit instructs that the place of "corporation" and principal place of business is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).[1]

Before dismissing this action for lack of subject matter jurisdiction, defendant will be given leave to file within 21 days an amended notice of removal that establishes subject matter jurisdiction by alleging the names and citizenship of each member of its LLC.

ORDER

IT IS ORDERED that:

1) Defendant SharkNinja Operating LLC shall have until January 8, 2020, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2) Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 18th day of December, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

[1] In alleging the LLC's citizenship, plaintiff should be aware that if any members of the LLC are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).